UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODIS WILEY, *et al*.<br><br>   Plaintiff,<br><br>   v.<br><br>CJ BERRY WELL SERVICES MANAGEMENT LLC,<br><br>   Defendant. | Case No. 1:24-cv-00756-JLT-CDB<br><br>ORDER STAYING ACTION PENDING RULING ON MOTIONS TO COMPEL ARBITRATION IN SEPARATE ACTIONS<br><br>(Doc. 5) |

On May 24, 2024, Plaintiffs Theodis Wiley, Jr. ("Wiley"), David Edwards, and Derrick Massey ("Plaintiffs") filed a putative wage and hour class action complaint in Kern County Superior Court against Defendant CJ Berry Well Services Management LLC ("Defendant"). (Doc. 1). Defendant removed the action to this Court on June 28, 2024. *Id*. That same day, Defendant filed a notice of related cases, asserting that *Leland Browden v. CJ Berry Well Services Management LLC*, No. 1:24-cv-00418-JLT-CDB ("*Browden*") is related to the instant action. (Doc. 1-6). On July 22, 2024, Defendant filed a motion to compel individual arbitration of plaintiff's claims and stay proceedings pending completion of arbitration in *Browden*. (*Browden*, Doc. 7).

Separately, in March 2024, and April 2024, Plaintiff Wiley and Matthew Bergeron filed separate actions in Kern County Superior Court against Defendant in this action and Berry

1

Petroleum Company LLC ("BPC") for alleged discrimination, wrongful termination, and intentional infliction of emotional distress. *Wiley v. Berry Petroleum Company, LLC et al.*, No. 1:24-cv-00553-CDB, Doc. 1 ("*Wiley I*"); *Matthew Bergeron v. Berry Petroleum Company, LLC, et al.*, No. 1:24-cv-00503-CDB, Doc. 1 ("*Bergeron*"). Thereafter, Defendant and BPC removed *Wiley I* and *Bergeron* to this Court. *Id*. On July 9, 2024, Defendant and BPC filed a motion to compel individual arbitration of plaintiff's claims and stay proceedings pending completion of arbitration. (*Bergeron*, Doc. 6).

On June 20, 2024, the parties in *Wiley I* filed a stipulated request to stay discovery pending resolution of the motion to compel arbitration filed in *Bergeron*. (*Wiley I*, Doc. 3). The parties noted the arbitration agreement at issue in *Bergeron* was identical to the one at issue in *Wiley I*. *Id*. at 3. The parties represented that the outcome of the motion in *Bergeron* may moot the need for a motion to compel arbitration in *Wiley I* or, at minimum, narrow certain issues pertaining to any motion to compel arbitration that Plaintiff Wiley could file. *Id*. On June 24, 2024, the Court issued an order staying *Wiley I* pending the Court's ruling on the motion to compel arbitration in *Bergeron*. (*Wiley I*, Doc. 4).

On September 17, 2024, the parties to this action filed a joint Rule 26(f) report. (Doc. 5). Defendant asserted that the arbitration agreement at issue in this case is identical to the arbitration agreements at issue in *Browden*, *Wiley I*, and *Bergeron*. *Id*. at 4. Defendant requests the Court stay all further proceedings in this action, including discovery, pending the outcome "of one (or both) of [the motions to compel arbitration]." *Id*. Plaintiff notes that in the interest of "judicial economy," it agrees to Defendant's position to stay this action pending the results of the motions to compel arbitration in *Browden* and *Bergeron*. *Id*.

Accordingly, in light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. This action is STAYED pending the Court's ruling on the motions to compel arbitration in the *Browden* and *Bergeron* actions; and

///

///

2. The scheduling conference set for September 27, 2024, is VACATED.

IT IS SO ORDERED.

Dated:  **September 25, 2024**  _____
UNITED STATES MAGISTRATE JUDGE

3