UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DERRICK MASSEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CJ BERRY WELL SERVICES MANAGEMENT, LLC,

Defendant.

Case No. 1:24-cv-00756-CDB

ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(Doc. 15)

On May 24, 2024, Plaintiffs Theodis Wiley, Jr., David Edwards, and Derrick Massey filed a putative wage and hour class action complaint in state court against Defendant CJ Berry Well Services Management LLC ("Defendant") before Defendant removed the case to this Court on June 28, 2024. (Doc. 1). On March 20, 2026, remaining Plaintiff Massey ("Plaintiff") filed a notice of voluntary dismissal with prejudice as to his individual claims and without prejudice as to the class claims. (Doc. 15).[1]

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has

[1] In the parties' joint scheduling report filed on September 17, 2024, the parties represent that David Edwards was dismissed as a named plaintiff in this action. (Doc. 5 at 2 n.1). Separately, on January 6, 2026, Theodis Wiley, Jr. was dismissed from this action with prejudice as a named plaintiff pursuant to the parties' jointly executed stipulation of dismissal. (Docs. 13, 14).

been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss the claims of the putative class without prejudice. (Doc. 15). No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class.

IT IS SO ORDERED.

Dated: **July 27, 2026**

UNITED STATES MAGISTRATE JUDGE